# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:15-cr-301-HDM-VCF |
| Plaintiff | **Order** |
| v. | |
| Brian Michael Brewer, | |
| Defendant | |

Defendant Brewer moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues three claims of relief. First, he argues that the government violated his rights under the Double Jeopardy Clause. Second, he argues that "Congress has created a criminal statute contrary to its own laws." Finally, he argues that the government subjected him to unequal application of the law. For the reasons below, each claim is frivolous. The Court therefore denies Defendant Brewer's motion.

**A. Claim One**

Brewer argues that the government violated his rights under the Double Jeopardy Clause. He asserts that the government and State of Nevada's cooperation became "unconstitutional []  collusion." The Double Jeopardy Clause ensures that no person will "be twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. "It protects a defendant against [three situations]: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *United States v. Patterson*, 381 F.3d 859, 862–63 (9th Cir. 2004). Brewer does not

assert that the government has subjected him to one of the three situations. Therefore, this claim fails.

**B. Claim Two**

Brewer argues that Congress has created a criminal statute contrary to its own laws. He makes two assertions—one law related, one policy related. First, he asserts that the criminal statutes related to child pornography are overbroad because they punish "the users not the world wide web or internet service providers." Second, he asserts that it "is a complete miscarriage of justice" that Congress has granted First Amendment protection to internet service provicers and that "basic technology" can be used to eliminate child pornography on the Internet.

Both of Brewer's assertions are without merit. Overbreadth pertains to statutes that are written so broadly that they unacceptably infringe on the First Amendment rights of people, *Anderson v. Nidorf*, 26 F.3d 100, 103 (9th Cir. 1994), not to who is or is not punished. And courts—the least dangerous branch of our government—simply have no business questioning the wisdom of the policies that Congress implements through its lawmaking such as immunizing internet service providers or how technology should be used. Therefore, this claim fails.

**C. Claim Three**

Brewer argues that the government subjected him to unequal application of the law. He asserts that it is unlawful that the government prosecutes computer users but not internet service providers. The government retains broad discretion over whom to prosecute. *Wayte v. United States*, 470 U.S. 598, 607 (1986). And in "the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 463, 464 (1996). Brewer fails to provide any evidence to rebut that presumption. Therefore, this claim fails.

**D. Certificate of Appealability**

For a certificate of appealability, a petitioner must show that "reasonable jurists would find [the Court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (interpreting 28 U.S.C. § 2253). The Court has considered whether reasonable jurists would find its assessment of Brewer's claims debatable or wrong. They would not. Therefore, the Court will not issue Brewer a certificate of appealability.

**E. Conclusion**

For the reasons above, the Court DENIES (1) Brewer's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and (2) Brewer a certificate of appealability.

IT IS SO ORDERED.

Dated: June 3, 2019

_____
Howard D. McKibben
Senior U.S. District Judge