UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00301-HDM-VCF |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BRIAN BREWER, | |
| Defendant. | |

Before the court is a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 79), filed by the defendant, Brian Brewer ("Brewer"). Pursuant to Second Amended General Order 2020-06, the Federal Public Defender has filed a "Notice of Non-Supplementation" (ECF No. 83). The government has opposed (ECF No. 84). Brewer has not filed a reply, and the time for doing so has expired.

Brewer was charged in this case with one count of receipt of child pornography and one count of possession of child pornography. (ECF No. 15). Pursuant to a plea agreement, Brewer pleaded guilty to receipt of child pornography, and the government dismissed the possession charge. (ECF Nos. 22, 28 & 42). Brewer was sentenced to a term of 210 months in custody. (ECF No. 43). Brewer's current estimated release date is September 5, 2030.[1] He now moves for a reduction of sentence pursuant to the provisions of § 3582(c)(1)(A).

---

[1] *See* https://www.bop.gov/inmateloc/ (last accessed May 10, 2024).

1

Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

The applicable policy statement is set forth in U.S.S.G. § 1B1.13.[3] Section 1B1.13 provides, in relevant part, that a § 3582(c)(1)(A) motion may be granted upon a finding that: (1) extraordinary and compelling reasons warrant a reduction; (2) the

---

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Brewer has not served more than thirty years in prison and is not at least 70 years old, so this provision does not apply.

[3] *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021), which held that the version of § 1B1.13 then in effect was not an "applicable policy statement" binding on the courts, no longer controls following the November 2023 amendments to § 1B1.13. *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024).

2

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.S. § 3142(g): and (3) the reduction is consistent with the policy statement.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

The government does not dispute that Brewer properly exhausted his motion. (ECF No. 84 at 4 n.3). The motion may therefore be considered by the court.

Brewer asserts that extraordinary and compelling reasons exist based on his medical conditions and the corresponding heightened risk of a COVID-19 infection, an alleged need to act as caregiver for his mother, stepfather and grandmother, his rehabilitation while incarcerated, and the conditions in his institution. The government argues that none of these grounds meets the requirements for relief set forth in § 1B1.13 and they are not extraordinary and compelling.

Brewer asserts that he has the following medical conditions: (1) polyneuropathy; (2) orthostatic hypotension; (3) varicose veins; (4) an enlarged prostate; (5) gastro-esophageal reflux disease; (6) premature atrial contraction; (7) psychotic disorder with hallucination; and (8) major depression disorder. He also argues that his medical conditions put him at a higher risk of complications if he were to contract COVID-19.

U.S.S.G. § 1B1.13(b)(1) identifies as potential extraordinary and compelling reasons the medical circumstances of the defendant if the defendant is suffering from (A) "a terminal illness," (B) "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within

3

the environment of a correctional facility and from which he or she is not expected to recover," or (C) "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Extraordinary and compelling reasons may also exist where

> the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority, (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).

Brewer's medical conditions do not meet any of these circumstances. Brewer does not allege that he has been diagnosed with a terminal illness, that he is substantially diminished in his ability to provide self-care, or that he requires long-term or specialized medical care that is not being provided. Further, the COVID-19 epidemic is no longer a national emergency, there is no ongoing or imminent risk of an outbreak at Brewer's facility given that there are currently no covid cases reported there, see https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited May 10, 2024), and Brewer is vaccinated against the virus. Brewer's contention that vaccination increases the risk of infection is unsupported. Accordingly, at this time, § 1B1.13(b) does not support a finding of extraordinary and compelling reasons on the basis of Brewer's medical circumstances.

4

Next, Brewer asserts that his step-father is incapacitated due to knee replacement surgery on both knees, that while his mother is caring for his step-father, she is recovering from rotator-cuff surgery, that his grandmother has dementia and needs daily care, and that he needs to be released to take care of them.

U.S.S.G. § 1B1.13(b)(3)(C) identifies as potential extraordinary and compelling reasons "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Section 1B1.13(b)(3)(D) provides that in some situations, such circumstances may exist with respect to a grandparent of the defendant.

Brewer's allegations regarding his family circumstances do not amount to extraordinary and compelling reasons. Brewer does not support his claim that his mother and grandmother are incapacitated. And even assuming the truth of Brewer's allegations, if Brewer's step-father is incapacitated at all, it is only temporary. Finally, Brewer does not allege that he is the only available caregiver for any of the identified individuals, particularly as he admits that his mother is taking care of his stepfather. Section 1B1.13(b)(3) does not provide a basis for relief.

Brewer next argues that his facility has had numerous issues, including understaffing and two inmate deaths, and that this should justify his early release. Brewer's allegations in this regard do not rise to the level of extraordinary and compelling.

Finally, Brewer points to his rehabilitation while incarcerated, including his clean record, continued employment, completion of numerous classes, a designation of low risk to

5

recidivate, mentoring of other inmates and involvement in a religious organization. While these efforts are commendable, the court does not find that these circumstances, alone or in combination with the other factors, rise to extraordinary and compelling reasons justifying relief.

The court has also considered the relevant 18 U.S.C. § 3553(c) factors and concludes that, even if extraordinary and compelling reasons existed, Brewer's sentence must remain at 210 months in light of the nature and circumstances of the offense and the history and characteristics of the defendant – including his substantial criminal history that includes molestation of a child -- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities.

In accordance with the foregoing, IT IS THEREFORE ORDERED that Brewer's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 79) is DENIED.

IT IS SO ORDERED.

DATED: This 10th day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE